**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**SHAI YONA,**

                      **Petitioner,**

**v.**                                      **CRIMINAL ACTION NO. 4:16cr17**

**UNITED STATES OF AMERICA,**

                      **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Shai Yona's ("Petitioner") Motion for Compassionate Release. ECF No. 595, 603. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

From at least 2011 to February 2016, Petitioner was an employee of RASKO, a company that marketed and sold skin care products in various retail locations across Virginia, Georgia, Pennsylvania, New Jersey, Missouri, Maryland, and North Carolina. ECF No. 599 at 5-8. Petitioner violated the terms of his B-2 visa by illegally working in the United States and assisting RASKO in the company's illegal employment of other B-2 visa holders who were also not authorized to work in the United States. *Id*. As part of the RASKO conspiracy, Petitioner assisted in recruiting, harboring, and transporting visa violators to work in RASKO's retail locations and laundering money for the purpose of avoiding compliance with federal and state tax law and employment regulations. *Id*.

On February 15, 2017, Petitioner was named in a forty-four-count superseding indictment for criminal conduct associated with fraud, inducing illegal entry, harboring illegal aliens, transporting illegal aliens, and money laundering. ECF No. 423. On May 7, 2019, Petitioner

pleaded guilty to Count I, charging Petitioner with Conspiracy to Defraud and to Commit Offenses against the United States, in violation of 18 U.S.C. § 371. ECF No. 570.  On September 5, 2019, this Court sentenced Petitioner to a term of 42 months imprisonment. ECF Nos. 584 and 586.

On October 9, 2020, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 595. The Court then ordered the appropriate responses on November 2, 2020. ECF No. 598. Petitioner supplemented his Motion on December 23, 2020. ECF No. 603. The Government responded in opposition on January 7, 2021. ECF No. 605. Petitioner filed a reply on January 12, 2021. ECF No. 607. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

2

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id*. The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful

guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the Warden of FCI Fort Dix on August 20, 2020. ECF No. 603; ECF No. 595-4. Petitioner was subsequently denied relief on August 28, 2020. *Id*. Accordingly, Petitioner has met the exhaustion requirements under § 3582(c)(1)(A).[1]

### B. Resolution of Petitioner's Request for Compassionate Release

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct is much more serious than the title of his offense of conviction. ECF No. 599. Petitioner abused the American visa system for himself and others for over five or more years. *Id* at 5-9. Petitioner not only falsified documents to maintain his status as a B-2 visa holder, but he also took part in a conspiracy to aid others as they unlawfully gained entry to the United States from Israel. *Id*. Moreover, Petitioner is responsible for recruiting illegal immigrants,

---

[1] Despite having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020).

harboring, and transporting visa violators to work in Rasko's retail locations, and laundering money for the purpose of avoiding compliance with federal and state tax law and employment regulations. *Id*. While Petitioner did not obtain an increase in his sentence for his role as a manager in the offense, the Presentence Investigation Report indicates that Petitioner performed the role of a logistics manager for the day-to-day operations of the conspiracy. *Id*. Undoubtedly, Petitioner played a significant role in the conspiracy.

Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B). The Court recognizes that Petitioner has no Bureau of Prisons disciplinary record and that he also participated in rehabilitative programming including educational courses. ECF No. 595-5; ECF No. 595-6. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner proffers no personal medical ailments as potential reasons for his release. He even admits that he "is a healthy 29-year-old." ECF No. 595 at 2. Instead, Petitioner relies upon the declining health of his parents and asks for relief to assist with his parents' long-term care. *Id*.

But the Court is not convinced that caring for Petitioner's parents is an extraordinary and compelling reason for his release for two reasons. First, Petitioner resided, unlawfully, in the United States since as early as 2011. Accordingly, Petitioner has spent the better part of 10 years in the United States, miles away from his parents back in Israel. These facts demonstrate that Petitioner has no recent history of caring for his aging parents in any substantial capacity. Second, Petitioner notes that he has two siblings, presently in Israel, who would care for his elderly parents but for the risks associated with COVID-19 given their respective occupations. ECF No. 603. Just as Petitioner's siblings have obligations keeping them from assisting their parents in a permanent capacity, so too does Petitioner. Petitioner has months remaining on his term of incarceration and Petitioner must fulfill that obligation prior to assisting his parents.

Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
February  12, 2021

_____
UNITED STATES DISTRICT JUDGE